MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
KARLA MALAGON CASTILLO (CSBN 320505)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone:  213-894-0255
Email: Malagon.karla@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                                        Plaintiff,<br><br>        v.<br><br>2 POTO, INC., d/b/a ENTRE NOUS FRENCH BISTRO, a California Corporation; JEAN-CHRISTOPHE FEBBRARI, individually and as managing agent of the entity defendant; MATHIAS WAKRAT, individually and as managing agent of the entity defendant<br>Defendants. | Case No. 2:23-cv-10871-MRA (BFMx)<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary") and Defendants 2 Poto Inc., d/b/a Entre Nous French Bistro, Jean-Christophe Febbrari, and Mathias Wakrat (hereinafter "Defendants") (collectively the "Parties"), have agreed to resolve the matter in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

        A.        The Acting Secretary filed a Complaint naming Defendants and alleging that they violated Sections 3(m)(2)(B), 11(c), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 203(m)(2)(B),

211(c), and 215(a)(5).  The Acting Secretary also alleged that Defendants misclassified several employees as independent contractors.

B.      The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

C.      The Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this civil action and that venue lies within the Central District of California.

D.      Defendants agree herein to resolve all allegations of the Acting Secretary's Complaint.

E.      The Acting Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period January 13, 2020 through January 12, 2023.

F.      Defendants stipulate that at all relevant times they operated a restaurant in Pasadena, California, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

G.      Defendants stipulate that at all relevant times they were employers of their employees listed on Exhibit A to this Consent Judgment and Order within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and the inherent authority of the Court, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Defendants shall not, contrary to Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve accurate records of tips as required under 29 C.F.R. § 516.28(b).

2.      Defendants shall not, contrary to Section 3(m)(2)(B) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), keep any of the tips received by their employees, including by using any such tips to fund Defendant Entre Nous's business operations, withholding credit card or cash tips, or allowing owners, managers, or supervisors to keep a portion of employees' tips.

3.      Defendants shall classify all the front of the house workers (servers, bartenders, hosts, bussers, and food runners, e.g.) and back of the house workers (chefs, cooks, dishwashers, e.g.) as employees and not independent contractors. This does not include workers retained as contractors for specific project-based limited purposes including but not limited to menu creation and related chef training, marketing, website design, etc.

4.      Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with them, are permanently enjoined and restrained from in any way directly or indirectly, demanding, requiring return of, or accepting any of the tip compensation or liquidated damages from any of the employees listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

5.      Defendants, jointly and severally, shall not continue to withhold the payment of $106,500 in tips hereby found to be due by Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of January 13, 2020 through January 12, 2023.

## JUDGMENT

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Acting Secretary and against Defendants in the total amount of **$215,000**.  Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

6.      Defendants shall pay $106,500 in tips to Defendants' present and former employees who are identified in **Exhibit A**, plus an additional equal amount of $106,500 as liquidated damages to the employees identified in **Exhibit A**, plus $2,000 designated as civil money penalties under 29 U.S.C. § 216(e).

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

7.      Defendants shall jointly and severally pay the tips and liquidated damages hereby due under the FLSA and this Consent Judgment to the employees listed on Exhibit A, with such amounts including post-judgment interest. Defendants shall accomplish this by making a down payment of $50,000 by August 1, 2024.  Defendants shall make thirty-six (36) monthly installment payments pursuant to the payment schedule set forth in Exhibit B, with the first of such payments commencing on September 1, 2024. Defendants may pre-pay the amounts owed via the payment plan at any time before the end of the installment payment plan as set forth in Exhibit B, reducing the interest accordingly for the adjusted term.

8.      Additionally, Defendants shall jointly and severally pay civil money penalties in the amount of $2,000.00 pursuant to Section 216(e)(2) of the FLSA, 29 U.S.C. § 216(e)(2) no later than August 1, 2027, per the payment schedule set forth in Exhibit B. Such penalties are hereby assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

9.     As set forth in Exhibit B, Defendants shall first pay the liquidated damages, followed by back wages, followed by civil money penalties.

10.     To accomplish the requirements of Paragraphs 6, 7, and 8, Defendants shall:

a.     No later than thirty (30) days following the entry of this Consent Judgment, deliver to the Wage and Hour Division the last known contact information for all current and former employees listed in Exhibit A, including last known street address, email address, telephone number, and social security number.

b.     Make the payments for tips, liquidated damages, and post judgment interest required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment – WE Region." Payments shall reference Case Number 1976103.

c.     Make the civil money penalty payment required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77743734, or by going to www.pay.gov and searching "WHD Civil Money Penalty - WE Region." Payments shall reference Case Number 1976103.

11.     In the event of any default in the timely making of any payment due hereunder, the full amount due under this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

12.     The Acting Secretary shall distribute the payments described in Paragraph 5 to employees listed in Exhibit A, or if necessary, to the employees' estates. If any monies are not distributed to employees within three years from the date of receipt of payment from Defendants because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States of America as miscellaneous receipts under 29 U.S.C. § 216(c).

13.     Within thirty (30) days of the entry of this Judgment, Defendants shall hire a third party to conduct training (to be completed within ninety (90) days thereafter) for all of Defendants' supervisors, managers, and persons performing payroll duties on the requirements of the FLSA, including the tip, recordkeeping, and worker classification provisions. The training shall include: (a) tips practices that adhere to FLSA requirements; (b) recordkeeping; and (c) proper classification of workers. For the purposes of this provision Defendants' counsel shall be considered a third party.

14.     Within fifteen (15) days of the training enumerated in Paragraph 13, Defendants shall deliver to the Wage and Hour Division evidence that all supervisors attended the training. Evidence may be provided in the form of a sign-in sheet and may be sent by electronic mail to Aleksanian.Gayane@dol.gov.

15.     This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a Party's signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA Section 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibit A**, nor as to any employee named on

the attached **Exhibit A** for any period not specified therein, nor as to any employer other than Defendants.

     **IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and

     **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED.**

  DATED this 20th day of June, 2024

_____
Mónica Ramírez Almadani
United States District Judge

For Plaintiff


SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour

*/s/ Karla Malagon Castillo*
KARLA MALAGON CASTILLO
Trial Attorney

1   For Defendants

2

3   2 POTO, INC. d/b/a Entre Nous French Bistro, a California Corporation
    By:
4   [name/title]

5

6   _____
    Jean-Christophe Fabbrari
7

8   _____
    Mathias Wakrat
9

10

11  _____
    PALOMA PERACCHIO
    Attorney for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

For Defendants

3    2 POTO, INC. d/b/a Entre Nous French Bistro, a California Corporation
     By:

4    [name/title]

5

6    _____
     Jean-Christophe Febbrari

7

8    _____
     Mathias Wakrat

9

10

11   _____
     PALOMA PERACCHIO
     Attorney for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

| | First Name | Last Name | Start Period | End Period | Tips | Liquidated Damages | Total | Interest | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Joel | Asuncion | 11/10/2020 | 11/10/2020 | $ 67.88 | $ 67.88 | $ 135.76 | $ 6.61 | $ 142.37 |
| 2 | Jaime | Avila | 4/26/2022 | 5/10/2022 | $ 303.17 | $ 303.17 | $ 606.34 | $ 29.53 | $ 635.87 |
| 3 | Miguel | Castillo | 7/21/2020 | 1/3/2023 | $ 30,265.17 | $ 30,265.17 | $ 60,530.34 | $ 2,947.65 | $ 63,477.99 |
| 4 | Alberto | Diaz | 6/7/2022 | 7/5/2022 | $ 317.09 | $ 317.09 | $ 634.18 | $ 30.88 | $ 665.06 |
| 5 | Christophe | Giovanelli | 2/2/2021 | 1/4/2022 | $ 11,647.37 | $ 11,647.37 | $ 23,294.74 | $ 1,134.38 | $ 24,429.12 |
| 6 | Laurent | Grangeon | 6/23/2020 | 6/22/2021 | $ 15,605.72 | $ 15,605.72 | $ 31,211.44 | $ 1,519.90 | $ 32,731.34 |
| 7 | Gerard | Loff Fernandes | 5/25/2021 | 1/3/2023 | $ 21,107.73 | $ 21,107.73 | $ 42,215.46 | $ 2,055.77 | $ 44,271.23 |
| 8 | Talia L | Morga | 6/23/2020 | 6/23/2020 | $ 81.60 | $ 81.60 | $ 163.20 | $ 7.95 | $ 171.15 |
| 9 | Kurt | Moulic | 6/22/2021 | 3/15/2022 | $ 3,367.93 | $ 3,367.93 | $ 6,735.86 | $ 328.02 | $ 7,063.88 |
| 10 | Christian | Ortega | 6/22/2021 | 9/13/2022 | $ 1,333.39 | $ 1,333.39 | $ 2,666.78 | $ 129.86 | $ 2,796.64 |
| 11 | Emiliano | Ramirez | 10/27/2020 | 11/10/2020 | $ 297.24 | $ 297.24 | $ 594.48 | $ 28.95 | $ 623.43 |
| 12 | Miguel | Ramirez | 8/2/2022 | 1/3/2023 | $ 2,422.77 | $ 2,422.77 | $ 4,845.54 | $ 235.96 | $ 5,081.50 |
| 13 | Jonathan | Reyes | 6/23/2020 | 7/21/2020 | $ 146.89 | $ 146.89 | $ 293.78 | $ 14.31 | $ 308.09 |
| 14 | Marco | Reyes | 9/1/2020 | 4/27/2021 | $ 1,593.71 | $ 1,593.71 | $ 3,187.42 | $ 155.22 | $ 3,342.64 |
| 15 | Gustavo | Serrano | 4/26/2022 | 1/3/2023 | $ 4,229.00 | $ 4,229.00 | $ 8,458.00 | $ 411.88 | $ 8,869.88 |
| 16 | John | Stiens | 6/23/2020 | 6/23/2020 | $ 58.29 | $ 58.29 | $ 116.58 | $ 5.68 | $ 122.26 |
| 17 | Joseph | Storbeck | 6/22/2021 | 1/3/2023 | $ 13,160.64 | $ 13,160.64 | $ 26,321.28 | $ 1,281.77 | $ 27,603.05 |
| 18 | Nicola | Tangorra | 10/12/2021 | 12/1/2021 | $ 494.41 | $ 494.41 | $ 988.82 | $ 48.15 | $ 1,036.97 |
| | | | | Total: | $106,500.00 | $106,500.00 | $213,000.00 | $ 10,372.47 | $223,372.47 |

1

2

# **EXHIBIT B**

3

4

| | |
|---|---|
| Total Amount Due | $215,000.00 |
| Down Payment | $50,000.00 |
| Amount Still Due | $165,000.00 |
| Interest Rate | 4.00% |
| Period In Years | 3 |
| Start Date of Payments | 9/1/2024 |

**PAYMENT SUMMARY**

| | |
|---|---|
| Monthly Payment | $4,871.46 |
| Number of Payments | 36 |
| Total interest | $10,372.47 |
| Total Cost of Payment | $175,372.47 |

9

10

| | | | |
|---|---|---|---|
| Employer Name: | Entre Nous | Case ID Number: | 1976103 |

11

| PMT NO. | PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | Category |
|---|---|---|---|---|---|---|---|
| 1 | 9/1/2024 | $165,000.00 | $4,871.46 | $4,321.46 | $550.00 | $160,678.54 | Liquidated Damages |
| 2 | 10/1/2024 | $160,678.54 | $4,871.46 | $4,335.86 | $535.60 | $156,342.68 | Liquidated Damages |
| 3 | 11/1/2024 | $156,342.68 | $4,871.46 | $4,350.32 | $521.14 | $151,992.36 | Liquidated Damages |
| 4 | 12/1/2024 | $151,992.36 | $4,871.46 | $4,364.82 | $506.64 | $147,627.55 | Liquidated Damages |
| 5 | 1/1/2025 | $147,627.55 | $4,871.46 | $4,379.37 | $492.09 | $143,248.18 | Liquidated Damages |
| 6 | 2/1/2025 | $143,248.18 | $4,871.46 | $4,393.96 | $477.49 | $138,854.22 | Liquidated Damages |
| 7 | 3/1/2025 | $138,854.22 | $4,871.46 | $4,408.61 | $462.85 | $134,445.61 | Liquidated Damages |
| 8 | 4/1/2025 | $134,445.61 | $4,871.46 | $4,423.31 | $448.15 | $130,022.30 | Liquidated Damages |
| 9 | 5/1/2025 | $130,022.30 | $4,871.46 | $4,438.05 | $433.41 | $125,584.25 | Liquidated Damages |
| 10 | 6/1/2025 | $125,584.25 | $4,871.46 | $4,452.84 | $418.61 | $121,131.41 | Liquidated Damages |
| 11 | 7/1/2025 | $121,131.41 | $4,871.46 | $4,467.69 | $403.77 | $116,663.72 | Liquidated Damages |
| 12 | 8/1/2025 | $116,663.72 | $4,871.46 | $4,482.58 | $388.88 | $112,181.15 | Liquidated Damages/ Backwages |
| 13 | 9/1/2025 | $112,181.15 | $4,871.46 | $4,497.52 | $373.94 | $107,683.63 | Backwages |
| 14 | 10/1/2025 | $107,683.63 | $4,871.46 | $4,512.51 | $358.95 | $103,171.11 | Backwages |
| 15 | 11/1/2025 | $103,171.11 | $4,871.46 | $4,527.55 | $343.90 | $98,643.56 | Backwages |
| 16 | 12/1/2025 | $98,643.56 | $4,871.46 | $4,542.65 | $328.81 | $94,100.91 | Backwages |

| 17 | 1/1/2026 | $94,100.91 | $4,871.46 | $4,557.79 | $313.67 | $89,543.13 | Backwages |
|---|---|---|---|---|---|---|---|
| 18 | 2/1/2026 | $89,543.13 | $4,871.46 | $4,572.98 | $298.48 | $84,970.15 | Backwages |
| 19 | 3/1/2026 | $84,970.15 | $4,871.46 | $4,588.22 | $283.23 | $80,381.92 | Backwages |
| 20 | 4/1/2026 | $80,381.92 | $4,871.46 | $4,603.52 | $267.94 | $75,778.40 | Backwages |
| 21 | 5/1/2026 | $75,778.40 | $4,871.46 | $4,618.86 | $252.59 | $71,159.54 | Backwages |
| 22 | 6/1/2026 | $71,159.54 | $4,871.46 | $4,634.26 | $237.20 | $66,525.28 | Backwages |
| 23 | 7/1/2026 | $66,525.28 | $4,871.46 | $4,649.71 | $221.75 | $61,875.58 | Backwages |
| 24 | 8/1/2026 | $61,875.58 | $4,871.46 | $4,665.21 | $206.25 | $57,210.37 | Backwages |
| 25 | 9/1/2026 | $57,210.37 | $4,871.46 | $4,680.76 | $190.70 | $52,529.61 | Backwages |
| 26 | 10/1/2026 | $52,529.61 | $4,871.46 | $4,696.36 | $175.10 | $47,833.25 | Backwages |
| 27 | 11/1/2026 | $47,833.25 | $4,871.46 | $4,712.01 | $159.44 | $43,121.24 | Backwages |
| 28 | 12/1/2026 | $43,121.24 | $4,871.46 | $4,727.72 | $143.74 | $38,393.52 | Backwages |
| 29 | 1/1/2027 | $38,393.52 | $4,871.46 | $4,743.48 | $127.98 | $33,650.04 | Backwages |
| 30 | 2/1/2027 | $33,650.04 | $4,871.46 | $4,759.29 | $112.17 | $28,890.75 | Backwages |
| 31 | 3/1/2027 | $28,890.75 | $4,871.46 | $4,775.16 | $96.30 | $24,115.60 | Backwages |
| 32 | 4/1/2027 | $24,115.60 | $4,871.46 | $4,791.07 | $80.39 | $19,324.52 | Backwages |
| 33 | 5/1/2027 | $19,324.52 | $4,871.46 | $4,807.04 | $64.42 | $14,517.48 | Backwages |
| 34 | 6/1/2027 | $14,517.48 | $4,871.46 | $4,823.07 | $48.39 | $9,694.42 | Backwages |
| 35 | 7/1/2027 | $9,694.42 | $4,871.46 | $4,839.14 | $32.31 | $4,855.27 | Backwages |
| 36 | 8/1/2027 | $4,855.27 | $4,871.46 | $4,855.27 | $16.18 | $0.00 | Backwages/Civil Money Penalties |